IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

LARRY J. CRAWFORD,

    Plaintiff,

v.

WHITLOCK PACKING CORP.,

    Defendant.

Case No. CIV-14-342-RAW

## ORDER

Before the court is Defendant's motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) [Docket No. 7]. Plaintiff filed this action on July 15, 2014 in the District Court in and for Muskogee County, alleging claims of: (1) wrongful discharge based on his race in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq*.; (2) intentional infliction of emotional distress; (3) violation of personal rights under 76 OKLA. STAT. § 6; and (4) and negligent hiring, supervising and retention. On August 15, 2014, Defendant removed the action to this court. Defendant argues that Plaintiff's Title VII claim should be dismissed, as it was filed out of time.

Title VII directs aggrieved parties to follow certain procedures, including filing a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"). 42 U.S.C. § 2000e-5(e)(1). Following receipt of a dismissal and notice of rights letter from the EEOC, a potential plaintiff has 90 days to file an action. 42 U.S.C. § 2000e-5(f)(1). A complaint filed after the expiration of the ninety days is untimely.

"Compliance with the filing requirements of Title VII is not a jurisdictional prerequisite, rather it is a condition precedent to suit that functions like a statute of limitations and is subject to

waiver, estoppel, and equitable tolling." Million v. Frank, 47 F.3d 385, 389 (10th Cir. 1995). The court determines whether to toll the statute of limitations on Title VII actions on a case-by-case basis. Id.

"Courts have narrowly construed equitable exceptions to the time limitations set out in Title VII." Biester v. Midwest Health Services, Inc., 77 F.3d 1264, 1267 (10th Cir. 1996).

> The Tenth Circuit has generally recognized equitable tolling of Title VII time limitations only if the circumstances of the case rise to the level of active deception which might invoke the powers of equity to toll the limitations period. For instance, equitable tolling may be appropriate where a plaintiff has been lulled into inaction by her past employer, state or federal agencies, or the courts. Likewise, if a plaintiff is actively misled, or has in some extraordinary way been prevented from asserting his or her rights, we will permit tolling of the limitations period.

Id. at 1267-68 (citations and quotations omitted). Notably, the Supreme Court held that the principles of equitable tolling applicable to Title VII claims do not extend to "garden variety" claims of excusable neglect of an attorney. Irwin v. Dep't of Veterans Affairs, 498 U.S. 89, 96 (1990).

The EEOC sent Plaintiff a dismissal and notice of rights letter dated April 8, 2014. Defendant argues that under the "presumption that a claimant receives a right-to-sue letter three mailing days after the date on the notice,"* Plaintiff received the letter on April 11, 2014; thus his action had to be filed by July 10, 2014. Plaintiff's counsel states that his office received the letter on April 12, 2014, that he opened it on April 13, 2014, and that by his calculations, the action had to be filed by July 14, 2014. Plaintiff does not dispute the Title VII action is untimely. He requests that the court consider his counsel's broken foot an extraordinary circumstance that requires the tolling or extension of the statute of limitations.

---

*Barrett v. Rumsfeld, 158 Fed.Appx. 89, 92 (10th Cir. 2005).

Unfortunately, Plaintiff's counsel's broken foot on July 2, 2014 does not constitute an extraordinary circumstance, but merely a "garden variety" claim of excusable neglect like that in Irwin, and does not justify equitable tolling in this case. The motion to dismiss Plaintiff's Title VII claim [Docket No. 7] is GRANTED.

IT IS SO ORDERED this 8th day of October, 2014.

**Dated this 8th day of October, 2014.**

Ronald A. White
United States District Judge
Eastern District of Oklahoma